FILED
2006 Jun-30 PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **BONNIE HOUSTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | **7:06-cv-01127-UWC** |
| **AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS; et al.**, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The present action involves a claim against American Family Life Assurance Company of Columbus ("AFLAC") for punitive and compensatory damages resulting from its alleged breach of contract, fraud, and suppression of material information. Each of these counts were also raised against Janet Thomas Wilson ("Wilson"), the AFLAC insurance agent who sold Plaintiff Bonnie Houston ("Houston") the policy at issue. Houston purchased a cancer policy from AFLAC through Wilson. In her complaint, Houston complains about AFLAC's denial of benefits to pay for her mammogram. According to Houston, mammograms are preventative cancer screening tests that are specifically covered in her policy as a "Cancer Screening Wellness Benefit." Houston also complains that Wilson, as an agent of AFLAC, made material misrepresentations as to the coverage of the policy. Specifically, that the payment of the

1

mammogram would be reimbursed to Houston by AFLAC as a preventative cancer screening test.

When determining whether the federal courts have jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994).

AFLAC initially argues that this Court has diversity jurisdiction. AFLAC is a Nebraska corporation with its principal place of business in Columbus, Georgia, while Plaintiff is a citizen of Alabama. (Doc. 1, Not. Of Removal ¶ 3.) Defendant Wilson is also a citizen of Alabama. Because her presence destroys diversity, AFLAC argues that Wilson's citizenship should not be considered in determining diversity because she was fraudulently joined.

"[T]o sustain a fraudulent joinder, [in the Eleventh Circuit], a court must find either that there was no possibility that the plaintiff could prove a cause of action against the resident defendant or that the plaintiff fraudulently pled jurisdictional facts in order to subject that resident defendant to the jurisdiction of the state court." *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir.1988). Under Alabama law, "it is thoroughly well settled that a man is personally liable for all torts committed by him, constituting in misfeasance-as fraud, conversion, acts done negligently, etc.-notwithstanding he may have acted as the agent or under the direction of another. *Crigler v. Salac*, 438 So. 2d 1375, 1380 (Ala. 1983).

Thus, to successfully allege fraudulent joinder, AFLAC must show that there is no possibility that Houston will be able to prove a cause of action against Wilson for fraudulent misrepresentation of material facts of the policy at issue. However, under Alabama law, Houston

could sue Wilson individually for any tort arising from Wilson's negligence, material suppression of material facts and fraudulent misrepresentation of material facts.  Thus, AFLAC has failed to meet its burden with respect to the fraudulent joinder issue: AFLAC has failed to establish that "there [i]s no possibility that the plaintiff could prove a cause of action against [Wilson] the resident defendant." *See Insinga*, 845 F.2d at 254.  Therefore, the addition of Wilson as a party was not fraudulent and no basis for diversity jurisdiction exists.

Even if diversity jurisdiction existed, AFLAC next argues that $75,000 amount in controversy requirement has been met.  Under Eleventh Circuit law, "[w]here a prayer for relief does not specify a certain sum, the claim is indeterminate, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of evidence that the claim on which it is basing jurisdiction meets the jurisdiction minimum.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807-8 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996))(abrogated on other grounds).  Thus, AFLAC must show by a preponderance of evidence that there is no chance that Houston will be awarded less than the jurisdictional amount.

AFLAC argues that the loss of the benefit for the mammogram payment, the loss of the use and benefit of future premium payments, plus interest, as well as Houston's request for mental anguish damages, when taken together, exceed the jurisdictional minimum.  According to AFLAC, the loss of benefit for past non-payment of cancer screening benefits totals $75.00 and totals $4,000.00, for future non-payment of benefits.  This $4,075.00 amount in no way meets the jurisdictional amount of $75,000.  While Houston does seek damages for mental anguish, there is a pretty good chance that a state court would award her less than the jurisdictional amount for all

Case 7:06-cv-01127-UWC   Document 4   Filed 06/30/06   Page 4 of 4

the damages sought.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("[W]hen a plaintiff's complaint specifically seeks less than [the jurisdictional amount], if there is a chance that a state court would award a prevailing plaintiff less than the jurisdictional amount, a federal court must remand the case.").  Consequently, AFLAC has failed to establish that the jurisdictional amount is met in the present action.

Accordingly, for want of federal jurisdiction, this action must be REMANDED to the Circuit Court of Sumter County.

Done this 30th day of June, 2006.

_____
U.W. Clemon
Chief United States District Judge